**JENN–CHING LUO, Plaintiff–Appellant,**

v.

**TOWN OF HEMPSTEAD, Joseph Nocella, Defendants–Appellees.**

No. 07–3225–cv.

United States Court of Appeals, Second Circuit.

March 24, 2009.

Jenn–Ching Luo, Baldwin, NY, pro se.

Leslie R. Bennett, Berkman, Henoch, Peterson & Peddy, P.C., Garden City, NY, for Defendants–Appellees.

PRESENT: Hon. PETER W. HALL and Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. JOSEPH F. BIANCO,* District Judge.

### SUMMARY ORDER

Appellant Jenn–Ching Luo appeals from the judgment of the district court denying his motion for summary judgment and granting the Appellees' cross-motion for summary judgment in Appellant's action under 42 U.S.C. § 1983 and the New York State Uniform Fire Prevention and Building Code Act, N.Y. Exec. Law §§ 370–383 (the "Uniform Fire Code"). The Appellees assert that the district court's judgment should be affirmed. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review an order granting summary judgment *de novo*, and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

We have considered each of Appellant's arguments on appeal. Notwithstanding Appellant's claims of district court error, for the following reasons we conclude that the district court properly denied Appel-

lant's summary judgment motion and granted summary judgment in favor of the Appellees: (1) Appellant did not have a protected property interest in the enforcement of the local building codes, including issuance of permits, so as to give rise to a right to due process with respect to such interest; (2) Appellant provided insufficient evidence of disparate treatment to support his equal protection claim; (3) compensatory and punitive damages were unavailable for the alleged violations of the Uniform Fire Code; (4) Appellant's action under the Uniform Fire Code was time-barred; and (5) Appellant failed to present any admissible evidence of a violation of the Uniform Fire Code. Thus, we affirm the judgment of the district court.

We have also examined Appellant's motions, which ask this Court, among other relief, to discipline the Appellees' attorney, to find that the Appellees reported "forged authorities" by way of parenthetical notations following cases, and to determine that the Appellees' brief is frivolous. We conclude that all of Appellant's motions are without merit, and they are, therefore, denied.